IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 20-265 |
| ) | |
| SHAUN TEDROW ) | |

**MEMORANDUM ORDER**

On November 30, 2022, Defendant Shaun Tedrow was sentenced to a term of 120 months' imprisonment and a 10-year term of supervised release following his guilty plea to possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). (Docket Nos. 62; 77; 79 at 2, 3). He also was ordered to pay a $100 special assessment and restitution in the total amount of $8,000. (Docket No. 79 at 7). With regard to restitution, the Judgment ordered that Defendant "shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the Defendant's release from imprisonment shall be paid as a condition of supervised release." (*Id.* at 8).

Defendant appealed the 10-year sentence of imprisonment, contending that his sentence constituted cruel and unusual punishment in violation of the Eighth Amendment, but he did not challenge the restitution order or any other aspect of his sentence. *United States v. Tedrow*, 2024 WL 1209748, at *1 (3d Cir. Mar. 21, 2024). The Third Circuit Court of Appeals affirmed this Court's Judgment of sentence, finding that Defendant "fail[ed] to demonstrate that this is the unique case where a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Id.* at *2 (internal quotation marks and citation omitted).

1

On August 30, 2024, Defendant filed a *pro se* Motion to Delay Making Payments Pursuant to the Inmate Financial Responsibility Program ("IFRP"), in which he requests that he be permitted to pay his "FRP Obligation" when he is released from prison. (*See* Docket No. 85). By this request, Defendant essentially seeks relief from participating in the IFRP, which in turn would impact his payment of restitution during his term of incarceration.[1] For the following reasons, Defendant's Motion will be denied.

The IFRP "is meant to 'encourage[ ] each sentenced inmate to meet his or her legitimate financial obligations.' " *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010) (quoting 28 C.F.R. § 545.10). To that end, BOP staff assists the inmate in developing a financial plan for meeting those obligations, and staff monitors the inmate's participation and progress in the IFRP to assess his level of responsible behavior. *See* 28 C.F.R. §§ 545.11(a), (c). While participation in the IFRP is voluntary, *see Balter v. Martinez*, 477 F. App'x 873, 875 (3d Cir. 2012), an inmate's refusal to participate in the program or comply with the provisions of his financial plan may result in certain enumerated sanctions. *See* 28 C.F.R. § 545.11(d)(1)-(11).

The BOP has established administrative remedy procedures pursuant to which an inmate may seek formal review of an issue "relating to any aspect of his own confinement." *See* 28 C.F.R. § 542.10(a). Accordingly, "[t]o the extent defendant complains about the BOP's authority to administer the IFRP, its method of collection of the restitution [he] owes or [his] ability to pay, [he] is first required to exhaust administrative remedies before complaining to an appropriate federal district court." *United States v. Jordan*, Crim. No. 11-23-4, 2013 WL 3422446, at *1 (W.D.

---

[1] In support of his request, Defendant asserts that "[t]here are too many variables that are beyond [his] control that has caused undue stress on [him] and unnecessary additional work on FCI Fort Dix BOP personnel." (Docket No. 85). As an example, Defendant submits that it is impossible to predict changes in work bonus money or money he receives from home, thus a monthly payment may be missed, which happened to him. (*Id.*). As a result, Defendant was placed on refusal status, which supposedly took several months to correct. (*Id.*).

Pa. July 8, 2013) (citing *Johnpoll v. Thornburgh*, 898 F.2d 849 (2d Cir. 1990) (holding that inmate was required to exhaust administrative remedies with BOP before he could bring federal action challenging collection procedures under IFRP)). Here, Defendant's Motion does not indicate that he has utilized available administrative procedures to challenge the BOP's administration of the IFRP as it relates to his particular situation. Given that Defendant has failed to exhaust administrative remedies before seeking recourse in federal court,[2] his Motion must be denied.

To the extent that Defendant seeks to challenge any other aspect of this Court's restitution order, the Motion fails because "the proper time for challenging a restitution order is on direct appeal." *Balter*, 477 F. App'x at 875. As stated, Defendant did not challenge the restitution order on appeal.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 4th day of September, 2024, IT IS HEREBY ORDERED that Defendant's *pro se* Motion to Delay Making Payments Pursuant to the Inmate Financial Responsibility Program, (Docket No. 85), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

---

[2] As a sister court has explained, "even if Defendant had indicated that he exhausted the available administrative remedies, this Court would not be the proper Court to address Defendant's appeal of administrative decisions concerning the IFRP." *United States v. Velez*, Crim. No. 98-00092, 2023 WL 4564797, at *1 (D.N.J. July 17, 2023) (citing *United States v. Fenton*, 577 F. Supp. 2d 458, 459 (D. Me. 2008) (discussing an appeal of a BOP administrative decision concerning the IFRP and noting that "such a challenge must be brought as a habeas petition pursuant to 28 U.S.C. § 2241 in the district in which the defendant is incarcerated")); *see also Martinez*, 627 F.3d at 937 (holding that the IFRP is part of the BOP's means of executing a sentence, thus a challenge to the IFRP falls under the rubric of a § 2241 habeas petition); *United States v. Owens*, Crim. No. 20-95, 2024 WL 2864114, at * 9 (W.D. Pa. June 5, 2024) (observing that challenges to BOP programs must be brought under § 2241 after administrative remedies have been exhausted).

cc/ecf: All counsel of record

       Shaun Tedrow (via U.S. mail)
       Reg. No. 13219-509
       FCI Fort Dix
       Federal Correctional Institution
       P.O. Box 2000
       Joint Base MDL, NJ  08640